FILED

1  LOCKE LORD BISSELL & LIDDELL LLP
   John Hochhausler (SBN: 143801)
2  jhochhausler@lockelord.com
   Amber L. Harley (SBN: 245060)
3  aharley@lockelord.com
   300 South Grand Avenue, Suite 2600
4  Los Angeles, California  90071
   Tel:   (213) 485-1500
5  Fax:   (213) 485-1200

6  Attorneys for Defendants
   AURORA LOAN SERVICES, LLC
7  AND HOMECOMINGS FINANCIAL, LLC

2008 OCT 17  AM 11: 46

CLE... ...
C....... ...CT
SANTA ANA

BY:_____

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MARIO BOLANOS,                          ) Case No.   **SACV08-01163 JVS (RNBx)**
                                            )
12              Plaintiff,                  )
                                            )
13      vs.                                 ) **DEFENDANTS AURORA**
                                            ) **LOAN SERVICES, LLC AND**
14                                          ) **HOMECOMINGS**
   AURORA LOAN SERVICES, LLC; BROOKS )      **FINANCIAL, LLC'S NOTICE**
15  AMERICA CORPORATION;                    ) **OF REMOVAL (28 U.S.C. §§**
   HOMECOMINGS FINANCIAL, LLC and          ) **1331)**
16  DOES 1-10,                              )
                                            )
17              Defendants.                 ) **[Superior Court of California,**
                                            ) **County of Orange, Case No. 30-**
18                                          ) **2008 00112215]**
                                            )
19  _____       )

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071-3119

1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants Aurora Loan Services, LLC ("Aurora") and Homecomings Financial, LLC ("Homecomings") (collectively the "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California, and state as follows:

## STATEMENT OF THE CASE

1.      On September 19, 2008, an action was commenced in the Superior Court of California, County of Orange, styled *Mario Bolanos v. Aurora Loan Services LLC, et al.*, No. 30-2008 00112215 (the "State Court Action"). A copy of the Complaint in the State Court Action is attached hereto as *Exhibit 1*.

2.      The Complaint purports to assert six causes of action which Plaintiff characterizes as follows: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) fraud; and (6) unlawful and unfair business practices in violation of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* Despite Plaintiff's characterization of his claims, however, they are all are predicated, at least in part, and some in their entirety, on purported violations of federal law, including the Truth in Lending Act, 15 USC §§ 1601, *et seq.* ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2607, *et seq.* ("RESPA"). (Compl., ¶¶ 15-17, 21-35, 37, 41, 45, 50).

## JURISDICTION – FEDERAL QUESTION

3.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States. The Supreme Court has held that "a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Moreover,

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

where a plaintiff purports to rely on a state remedy, but any right he possesses is actually based on federal law, federal question jurisdiction exists. *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1211-12 (9th Cir. 1980) ("Although [plaintiff] had not mentioned [the federally enacted Labor Management Relations Act ("LMRA")] in the complaint, and stylized his causes of action in common law terms," federal question jurisdiction existed based on the LMRA). As explained below, Plaintiff's Complaint necessarily turns on the construction of federal law, including TILA and RESPA. (*See* Compl., *Ex. 1* at ¶¶ 15-19, 22-27, 37, 41, 45, 50, 52).

4.    Several paragraphs in the "Background Allegations" section of Plaintiff's Complaint allege that Defendants failed to discharge duties imposed by TILA and RESPA, including making "the required Truth in Lending Disclosures," providing "the required disclosure of the Annual Percentage Rate ("APR") to be charged for loans,"[1] and providing "a detailed Good Faith Estimate detailing all relevant fees to be charged to their customers."[2] (*Id.* ¶¶ 15-17). These Background Allegations are then incorporated and exclusively relied upon in Counts One and Two of the Complaint. (*Id.* ¶¶ 21-35). Thus, while the causes of actions for Counts One and Two are styled as breach of contract and breach of the implied covenant of good faith and fair dealing, respectively, each claim is based on Defendants' alleged failure to comply with federal law. The resolution of these claims therefore requires an interpretation and application of TILA and RESPA.

6.    Each of the remaining Counts of Plaintiff's Complaint—no matter how they are titled—similarly rely on the construction of federal law. Specifically:

a.    Counts Three and Four allege that Defendants either intentionally

---

[1] The disclosure of an Annual Percentage Rate, or "APR," is required by TILA. *See* 15 U.S.C. § 1606; 12 C.F.R. § 226.18(e).

[2] A "Good Faith Estimate" is a document that must be provided under RESPA. *See* 12 U.S.C. § 2604(c); 24 C.F.R. § 3500.7.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  or negligently represented to Plaintiff and the putative class
2  members that Defendants "would fully comply with all state and
3  Federal law as it related to" the subject loans, including making the
4  "required Truth in Lending Disclosures," making "the required
5  disclosure of the Annual Percentage Rate," and providing "a
6  detailed Good Faith Estimate," but failed to fulfill said
7  representations. (*Id.* ¶¶ 37, 41). The vindication of Plaintiff's
8  claims in Counts Three and Four therefore necessarily turns on the
9  construction of TILA and RESPA.

10  b.  Similarly, Count Five alleges that Defendants made fraudulent
11  representations to Plaintiff and the putative class members that,
12  among other things, Defendants would provide Plaintiff and the
13  putative class members with the "required Truth in Lending
14  Disclosures," "the required disclosure of the Annual Percentage
15  Rate," and a "Good Faith Estimate detailing all relevant fees to be
16  charged to their customers." (*Id.* ¶ 45). Again, Count Five cannot
17  be resolved without applying and interpreting TILA and RESPA.

18  c.  Finally, Count Six alleges violations of California's UCL based on
19  Defendants' alleged failure to comply "with all state and Federally
20  required disclosures." (*Id.* ¶ 50). Thus, whether Defendants
21  violated the UCL necessarily turns on whether Defendants made
22  the disclosures required by TILA, which is a question of federal
23  law.

24  7.  Each of Plaintiff's six causes of action is based on Defendants' alleged
25  failure to comply with obligations imposed by TILA and RESPA. Plaintiff's right to
26  recovery, therefore, inescapably relies on the construction of these two federal
27  statutes.

28  8.  Accordingly, this matter turns upon federal questions, and this Court has

1  jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 9; *Fristoe*, 615 F. 2d at 1211-12.

## ALL PROCEDURAL REQUIREMENTS FOR
## REMOVAL HAVE BEEN SATISFIED

4      9.     This Notice of Removal has been filed within thirty days of the filing of

5  the Complaint and, thus, within thirty days of the date any Defendant could have

6  become aware of the State Court Action. Removal is therefore timely in accordance

7  with 28 U.S.C. § 1446(b).

8      10.    Upon information and belief, Defendant Brooks America Corporation

9  has not been served and its consent is therefore not required. *Emrich v. Touche Ross*

10 *& Co.*, 846 F. 2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies

11 "only to defendants properly joined and served in the action.").

12     11.    Furthermore, "Brooks America Corporation" is not an entity registered to

13 do business with the California Secretary of State and is not licensed with the

14 California Department of Corporations, the California Department of Financial

15 Institutions or the California Department of Real Estate, the entities that license and

16 regulate mortgage lenders. Brooks America Corporations does not appear to be a

17 corporate entity properly identified or joined as a party to this action. Its consent is

18 therefore not required. *Id.* (consent is not required from "nominal, unknown, or

19 fraudulently joined parties."); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir.

20 1993) ("A defendant is nominal if there is no reasonable basis for predicting that it

21 will be held liable.").

22     12.    Because Defendant Brooks American Corporation's consent is not

23 required and both of the remaining Defendants are parties to this Notice of Removal,

24 all properly served and joined defendants, excluding nominal, unknown or

25 fraudulently joined parties, have consented to this Notice of Removal.

26     13.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the

27 process, pleadings, and orders on file in the State Court Action or served on the

28 Removing Parties in the State Court Action are attached hereto as *Exhibit 2*.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

# CONCLUSION

By this Notice of Removal and the associated attachments, Defendants Aurora Loan Services, LLC and Homecomings Financial, LLC do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. The Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas. The Defendants pray that the Action be removed to this Court, that all further proceedings in the state court be stayed, and that the Defendants receive all additional relief to which they are entitled.

Dated: October 17, 2008

LOCKE LORD BISSELL & LIDDELL LLP

By: _____
John M. Hochhausler
Amber L. Harley

Attorneys for Defendants
AURORA LOAN SERVICES, LLC and
HOMECOMINGS FINANCIAL, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

DEFENDANTS AURORA LOAN SERVICES, LLC AND HOMECOMINGS FINANCIAL, LLC'S NOTICE OF REMOVAL

EXHIBIT 1

1 | GRAHAM & MARTIN, LLP
Anthony G. Graham (State Bar No.148682)
2 | Michael J. Martin (State Bar No.171757)
950 South Coast Drive, Suite 220
3 | Costa Mesa, California 92626
(714) 850-9390
4 |
Attorneys For Plaintiff
5 | MARIO BOLANOS

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 19 2008

ALAN CARLSON, Clerk of the Court

BY: _____ DEPUTY

7 |           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 |                FOR THE COUNTY OF ORANGE

9 |                                          30-2008

10 | MARIO BOLANOS                  )  CASE NO.
                                   )         0 0 1 1 2 2 1 5
11 |     Plaintiff,                )
                                   )
12 |     vs.                       )  VERIFIED COMPLAINT FOR:
                                   )
13 | AURORA LOAN SERVICES LLC;     )  1. BREACH OF CONTRACT;
    BROOKS AMERICA CORPORATION;    )
14 | HOMECOMINGS FINANCIAL LLC AND )  2. BREACH OF THE IMPLIED COVENANT
    DOES 1-10                      )     OF GOOD FAITH AND FAIR DEALING;
15 |                               )
        Defendants.                )  3. INTENTIONAL MISREPRESENTATION;
16 |                               )
                                   )  4. NEGLIGENT MISREPRESENTATION;
17 |                               )
                                   )  5. FRAUD;
18 |                               )
                                   )  6. VIOLATION OF BUSINESS &
19 |                               )     PROFESSIONS CODE 17200.
                                   )
20 | _____)  DEMAND FOR JURY TRIAL
                                      JUDGE SHEILA FELL
21 |     As and for its causes of action against defendants AURORA LOAN SERVICES LLC;
                                                           DEPT. C22
22 | BROOKS AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-

23 | 10, plaintiff MARIO BOLANOS alleges as follows:

24 |                        **GENERAL ALLEGATIONS**

25 |     1.    All allegations in this Complaint are based upon information and belief except

26 | for those allegations which pertain to the Plaintiff named herein.  Plaintiffs information and

27 | belief are based upon, *inter alia*, the investigation conducted to date by Plaintiff.  Each

28 |

- 1 -

1 | allegation in this Complaint either has evidentiary support or is likely to have evidentiary
2 | support after a reasonable opportunity for further investigation and discovery.

3 | ### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4 |     2.     This action is brought pursuant to California Code of Civil Procedure §382,
5 | California Civil Code §1781 *et seq.*, and California Business and Professions Code §17200 et
6 | seq. The Individual and Representative Plaintiff brings this action on his own behalf, and on
7 | behalf of all person(s) who suffered damages as a result of the wrongdoing as alleged below.
8 | Plaintiff further brings this action on his own behalf, on behalf of all persons within the class as
9 | defined herein, and as private attorneys general on behalf of the general public, and in the
10 | public interest.

11 | ### THE PARTIES

12 |     2.     Plaintiff MARIO BOLANOS is and has been at all relevant times a
13 | California resident.

14 |     3.     Defendants AURORA LOAN SERVICES LLC; BROOKS AMERICA
15 | CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10 are and at all
16 | times mentioned herein have been qualified to do business in the State of California.

17 |     4.     Plaintiff is ignorant of the true names and capacities of defendants sued
18 | as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names.
19 | The fictitious defendants named in this Complaint are sued pursuant to the provisions
20 | of C.C.P. § 474. Plaintiff is informed and believes, and upon that ground, alleges that
21 | each fictitious defendant is in some way responsible for, participated in, or contributed
22 | to the matters and things of which Plaintiff complains herein, and in some fashion, has
23 | legal responsibility therefor. When the exact nature and identity of such fictitious
24 | defendants' responsibility for, participation in, and contribution to the matters and
25 | things alleged herein are ascertained by Plaintiff, Plaintiff will seek to amend this
26 | Complaint and all proceedings herein to set forth the same.

27 |     5.     At all times mentioned defendants were each a person within the meaning
28 |

1 | of Business & Professions Code § 17201 and a person doing business within the

2 | meaning of Health & Safety Code § 25249.11 (a). Plaintiff is informed and believes

3 | and thereon alleges that at all times mentioned herein, defendants have 10 or more

4 | employees.

5 | ## SUMMARY OF ALLEGATIONS

6 | ## CLASS DEFINITION

7 | 6.     The Plaintiff Class consists of all persons, including Plaintiff, who were,

8 | or are, customers of Defendants AURORA LOAN SERVICES LLC; BROOKS

9 | AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC AND DOES 1-10,

10 | companies which provided them with mortgage loans and service such loans and in so

11 | doing have (1) provided loans without providing and disclosing to their customers, as

12 | required under law, the required Truth in Lending Disclosures; (2) failed to provide to

13 | their customers, as required under law, the required disclosure of the Annual

14 | Percentage Rate ("APR") to be charged for the loan; (3) failed to provide to their

15 | customers, as required under law, a detailed Good Faith Estimate detailing all relevant

16 | fees to be charged to their customers; (4) failed to provide to their customers, as

17 | required under law, a signed original of the Promissory Note relevant to their individual

18 | customers' loans; (5) charged an excessive and undisclosed amount in interest charges

19 | in violation of law; (6) illegally and unfairly insisted that, prior to making any

20 | determination as to the customers right to a loan modification, that the customer must

21 | first pay Defendants inflated "reinstatement" fees which include exorbitant attorneys

22 | fees and costs as well as excessive undisclosed "miscellaneous" fees; (7) illegally and

23 | unfairly insisted that their customers must first "double-up" his/her mortgage payments

24 | until all arrears are paid in full (including the inflated "reinstatement" fees and

25 | excessive interest charges) prior to making any determination as to the customers' right

26 | to a loan modification; and, (8) have, even after payment of all such excessive fees and

27 | charges, then denied the loan modification request and unlawfully and unfairly

28 |

1 | attempted to or in fact have foreclosed on its customers' property.

2 | **CLASS ALLEGATIONS**

3 |     7.    At all material times, Plaintiff is and was within the Class described in

4 | paragraph 6 of this Complaint.

5 |     8.    The claims of Plaintiff are typical of the claims of the Class which they

6 | seek to represent. Plaintiff will fairly and adequately protect the interests of the Class

7 | which they seek to represent. Plaintiff does not have any interest which is antagonistic

8 | to the Class which he seeks to represent.   Counsel for Plaintiff will be designated

9 | before trial, whom are experienced, qualified and generally able to conduct complex

10 | class action litigation.

11 |     9.    This Court should permit this action to be maintained as a class action

12 | pursuant to California Code of Civil Procedure § 378 *et seq* because:

13 |    (a)   The questions of law and fact common to the Class predominate over any

14 |           question affecting only individual members;

15 |    (b)   A class action is superior to any other available method for the fair and

16 |           efficient adjudication of the claims of members of the Class;

17 |    (c)   The Class is so numerous that it is impractical to bring all members of the

18 |           Class before the court;

19 |    (d)   Plaintiff, and other members of the Class, will not be able to obtain

20 |           effective and economic legal redress unless the action is maintained as a

21 |           Class action;

22 |    (e)   There is a community of interest in obtaining appropriate legal and other

23 |           equitable relief for the common law and statutory violations and other

24 |           improprieties, and in obtaining adequate compensation for the damages

25 |           and injuries which Defendants' actions have inflicted upon the Class;

26 |    (f)   There is a community of interest in ensuring that the combined assets and

27 |           available insurance of the Defendants are sufficient to adequately

28 |

1    compensate the members of the Class for the injuries sustained;

2    (g)    Without class certification, the prosecution of separate actions by

3    individual members of the Class would create a risk of:

4    (i)    Inconsistent or varying adjudications with respect to individual

5    members of the Class which would establish incompatible

6    standards of conduct for Defendants; and/or

7    (ii)    Adjudications with respect to the individual members which

8    would, as a practical matter, be dispositive of the interests of other

9    members not parties to the adjudications, or would substantially

10    impair or impede their ability to protect their interests, including

11    but not limited to the potential for exhausting the funds available

12    from those parties who are, or may be, responsible Defendants; and

13    (h)    Defendants have acted or refused to act on grounds generally applicable

14    to the Class, thereby making appropriate final injunctive relief with

15    respect to the Class as a whole.

16    **DEFENDANTS**

17    9.    The Class Plaintiff is informed and believed, and based upon that

18    information and belief allege, that Defendants AURORA LOAN SERVICES LLC;

19    BROOKS AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and

20    DOES 1-10 are, and at all times mentioned herein were:

21    (a)    A Corporation, acting in its separate interest;

22    (b)    Doing business as a lender and mortgage loan servicing company

23    under the laws of the State of California.

24    10.    The true names and capacities, whether individual, corporate,

25    partnership, associate or otherwise of Defendant Does 1 through 100, inclusive, are

26    unknown to the Class Plaintiff who therefore sue these Defendants by such fictitious

27    names pursuant to California Code of Civil Procedure §474.  The Plaintiff Class will

28

1   seek leave to amend this Complaint to allege the true names and capacities of Does 1
2   through 500, inclusive, when they are ascertained.

3       11.    The Plaintiff Class is informed and believes, and based upon that
4   information and belief alleges, that each of the Defendants named in this Complaint,
5   including Does 1 through 100, inclusive, is responsible in some manner for one or more
6   of the events and happenings that proximately caused the injuries and damages
7   hereinafter alleged. The Plaintiff Class is informed and believes, and based upon that
8   information and belief alleges, that each of the Defendants named in this Complaint,
9   including Does 1 through 100, inclusive, is, and at all times mentioned herein was, the
10  agent, servant and/or employee of each of the other Defendants and that each Defendant
11  was acting within the course and scope of his, her, or its authority as the agent, servant
12  and/or employee of each of the other Defendants. Consequently, all of the Defendants
13  are jointly and severally liable to Plaintiffs for the damages sustained as a proximate
14  result of their conduct.

15      12.    The Class Plaintiffs are informed and believe, and based upon that
16  information and belief allege, that Defendant Does 1 through 100, inclusive are
17  persons, corporations, or other entities that reside or are authorized to do and doing
18  business in the State of California. Each of Defendant Does 1 through 10 was the
19  managerial agent, employee, predecessor, successor, joint-venturer, co-conspirator,
20  alter ego and/or representative of Defendants AURORA LOAN SERVICES LLC;
21  BROOKS AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC AND
22  DOES 1-10 and acted with the permission, authorization and/or certification and
23  consent of Defendants AURORA LOAN SERVICES LLC; BROOKS AMERICA
24  CORPORATION; HOMECOMINGS FINANCIAL LLC AND DOES 1-10. Plaintiff is
25  informed and believes, and based upon that information and belief allege that each
26  fictitiously named Defendant was in some way responsible for, participated in, or
27  contributed to the matters of which Class Plaintiff complains, and has legal
28

- 6 -

1   responsibility for those matters.

2   ## ALTER EGO ALLEGATIONS

3      13.    Class Plaintiff is informed and believes, and based upon that information

4   and belief, alleges that:

5      (a)    Defendants AURORA LOAN SERVICES LLC; BROOKS AMERICA

6             CORPORATION; HOMECOMINGS FINANCIAL LLC AND DOES 1-

7             10are, and at all relevant times were, a mere shell without capital, assets,

8             stock or stockholders;

9      (b)    There is, and at all relevant times was, a unity of interest and/or

10            ownership between all of these Defendants so that any individuality or

11            separateness between them has ceased to exist; and,

12     (c)    Defendants AURORA LOAN SERVICES LLC, BROOKS AMERICA

13            CORPORATION and HOMECOMINGS FINANCIAL LLC are, and at all

14            relevant time were, completely controlled, dominated, managed and

15            operated by Defendant Does 1 through 10, inclusive, and each of them, so

16            that Defendants AURORA LOAN SERVICES LLC, BROOKS AMERICA

17            CORPORATION and HOMECOMINGS FINANCIAL LLC were each a

18            mere shell, instrumentality and/or conduit through which each of these

19            Defendants conducted some or all of their/its business. Adherence to the

20            fiction of the separate existence of Defendants AURORA LOAN

21            SERVICES LLC, BROOKS AMERICA CORPORATION and

22            HOMECOMINGS FINANCIAL LLC as an entity distinct from Defendant

23            Does 1 through 10, inclusive, or any of them, would permit an abuse of

24            the corporate privilege and sanction fraud or promote injustice in that,

25            among other things, it would enable each of these Defendants to avoid

26            liability and to defraud his, her or its creditors, the effect of which would

27            be to render each Defendant FINANCIAL LLCly unable to respond to a

28

1            monetary judgment awarded against each or any of them in this action.

2                           **BACKGROUND ALLEGATIONS**

3       14.    At some time prior to the beginning of the Class Period, which period has

4 not yet been ascertained, but from at least January 1, 2007 Defendants AURORA

5 LOAN SERVICES LLC; BROOKS AMERICA CORPORATION; HOMECOMINGS

6 FINANCIAL LLC and DOES 1-10 have operated as mortgage lenders, brokers and

7 mortgage loan servicers.

8       15.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

9 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

10 have provided loans without providing and disclosing to their customers, as required

11 under law, the required Truth in Lending Disclosures.

12       16.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

13 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

14 have failed to provide to their customers, as required under law, the required disclosure

15 of the Annual Percentage Rate ("APR") to be charged for the loan.

16       17.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

17 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

18 have failed to provide to their customers, as required under law, a detailed Good Faith

19 Estimate detailing all relevant fees to be charged to their customers.

20       18.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

21 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

22 have failed to provide to their customers, as required under law, a signed original of the

23 Promissory Note relevant to their individual customers' loans.

24       19.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

25 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

26 have charged an excessive and undisclosed amount in interest charges in violation of

27 law.

28

- 8 -

20.   When its customers have, through no fault of their own, run into financial difficulties which have led to a default, and then have requested reinstatement of the loan and a loan modification, Defendant AURORA LOAN SERVICES LLC has illegally and unfairly insisted that, prior to making any determination as to the customers right to a loan modification, that the customer must first pay Defendant AURORA LOAN SERVICES LLC's inflated "reinstatement" fees which include exorbitant attorneys fees and costs as well as excessive undisclosed "miscellaneous" fees. Additionally, despite knowing that its customers re in desperate financial straits and thus operating under enormous financial stress, Defendant AURORA LOAN SERVICES LLC has illegally and unfairly insisted that the customer must first "double-up" his/her mortgage payments until all arrears are paid in full (including the inflated "reinstatement" fees) prior to making any determination as to the customers' right to a loan modification. Finally, Defendant AURORA LOAN SERVICES LLC has then, even where the unlawful and unfair "reinstatement" charges have been paid,  unlawfully and unfairly attempted to or in fact have forecloses on its customers' property when such customers have been denied a loan modification.

### FIRST CAUSE OF ACTION
### FOR BREACH OF CONTRACT
**(Against All Named Defendants)**

21.   Class Plaintiff repeats, realleges and incorporates by this reference each and all of the allegations contained in paragraphs 1 through 20 of this Complaint.

22.   Defendants AURORA LOAN SERVICES LLC; BROOKS AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10 have operated as mortgage lenders, brokers and mortgage loan servicers and in such capacity have entered into mortgage loan contracts with their customers which require that Defendants (1) provide to their customers, as required under law, the required Truth in Lending Disclosures; (2) provide to their customers, as required under law, the required

-9-

1  disclosure of the Annual Percentage Rate ("APR") to be charged for the loan; (3)

2  provide to their customers, as required under law, a detailed Good Faith Estimate

3  detailing all relevant fees to be charged to their customers; (4) provide to their

4  customers, as required under law, a signed original of the Promissory Note relevant to

5  their individual customers' loans; (5) charge a reasonable and disclosed amount in

6  interest charges in compliance with the law.

7     23.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

8  AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

9  have provided loans without providing and disclosing to their customers, as required

10 under law, the required Truth in Lending Disclosures.

11    24.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

12 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

13 have failed to provide to their customers, as required under law, the required disclosure

14 of the Annual Percentage Rate ("APR") to be charged for the loan.

15    25.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

16 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

17 have failed to provide to their customers, as required under law, a detailed Good Faith

18 Estimate detailing all relevant fees to be charged to their customers.

19    26.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

20 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

21 have failed to provide to their customers, as required under law, a signed original of the

22 Promissory Note relevant to their individual customers' loans.

23    27.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

24 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

25 have charged an excessive and undisclosed amount in interest charges in violation of

26 law.

27    28.    When its customers have, through no fault of their own, run into financial

28

- 10 -

1  difficulties which have led to a default, and then have requested reinstatement of the
2  loan and a loan modification, Defendant AURORA LOAN SERVICES LLC has
3  illegally and unfairly insisted that, prior to making any determination as to the
4  customers right to a loan modification, that the customer must first pay Defendant
5  AURORA LOAN SERVICES LLC's inflated "reinstatement" fees which include
6  exorbitant attorneys fees and costs as well as excessive undisclosed "miscellaneous"
7  fees. Additionally, despite knowing that its customers are in desperate financial straits
8  and thus operating under enormous financial stress, Defendant AURORA LOAN
9  SERVICES LLC has illegally and unfairly insisted that the customer must first "double-
10 up" his/her mortgage payments until all arrears are paid in full (including the inflated
11 "reinstatement" fees and excessive interest charges) prior to making any determination
12 as to the customers' right to a loan modification. Finally, Defendant AURORA LOAN
13 SERVICES LLC has then, even where the unlawful and unfair "reinstatement" fees and
14 excessive interest charges have been paid,  have denied the loan modification request
15 and then unlawfully and unfairly attempted to or in fact have foreclosed on its
16 customers' property.

17       29.     By such conduct Defendants substantially and materially breached their
18 loan contracts with each of the class members

19       30.     Class Plaintiff and the class members performed all obligations and
20 conditions as required to perform pursuant to their loan contracts with Defendants.

21       31.     As a direct and proximate result of Defendants' breach of the Contract,
22 members of the class have incurred financial injury in an amount to be determined at
23 trial according to proof, and are entitled to that amount plus interest thereon at the legal
24 rate from the dates on which each part of that sum became due, owing and unpaid.

25                        SECOND CAUSE OF ACTION
26            FOR BREACH OF THE IMPLIED COVENANT OF
27                   GOOD FAITH AND FAIR DEALING
28

**(Against All Named Defendants)**

32.    Class Plaintiff repeats, realleges and incorporates by this reference each and all of the allegations contained in paragraph 1 through 31 of this Complaint.

33.    There is implied in every agreement a covenant of good faith and fair dealing which by operation of law provides that no party to the agreement shall do anything to deprive the other parties to the agreement of the benefits of the agreement.

34.    By reason of the foregoing, Defendants have breached the implied covenant of good faith and fair dealing.

35.    As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Class Plaintiff and members of the Class have incurred financial injury in an amount to be determined at trial according to proof, and are entitled to that amount plus interest thereon at the legal rate from the dates on which each part of that sum became due, owing and unpaid.

## THIRD CAUSE OF ACTION
## FOR INTENTIONAL MISREPRESENTATION

**(Against All Named Defendants)**

36.    Class Plaintiff repeats, realleges and incorporates by this reference each and all allegations contained in paragraphs 1 through 35 of this Complaint.

37.    In entering into the loan contracts described herein with the members a of the class, including Class Plaintiff, Defendants represented that they would fully comply with all state and Federal law as it relates to such loans. In particular, Defendants intentional represented the following material facts to Class Plaintiff and members of the Class: that Defendants (1) would disclose to their customers, as required under law, the required Truth in Lending Disclosures; (2) provide to their customers, as required under law, the required disclosure of the Annual Percentage Rate ("APR") to be charged for the loan; (3) provide to their customers, as required under law, a detailed Good Faith Estimate detailing all relevant fees to be charged to

their customers; (4) provide to their customers, as required under law, a signed original of the Promissory Note relevant to their individual customers' loans; and, (5) would charge a reasonable and disclosed amount in interest charges in compliance with the law. Additionally, Defendants promised that, should their customers, through no fault of their own, encounter financial difficulties, they would act in a fair and reasonable manner and would "work with" their customers to ensure that their customers did not lose their homes.

38.   Defendants made these intentional representations of material facts with the intent to induce Class Plaintiff and members of the Class to enter into the loan contract. At the time or times each of these Defendants made one or more of these representations to Class Plaintiff, and throughout the time Class Plaintiff acted in reliance thereon, the Class Plaintiff was ignorant of the falsity of the representations and the Class Plaintiff believed them to be true. Class Plaintiff and members of the Class, reasonably relying upon such representations, were induced to enter into the loan contracts described herein by reason of such representations. At the time such representations were made Defendants knew that such representations were false and they had no intention of fulfilling those representations.

39.   As a direct and proximate result of Defendants' intentional misrepresentations, Class Plaintiff and members of the Class have incurred financial injury in an amount to be determined at trial according to proof, and are entitled to that amount plus interest thereon at the legal rate from the dates on which each part of that sum became due, owing and unpaid.

## FOURTH CAUSE OF ACTION
### FOR NEGLIGENT MISREPRESENTATION
#### (Against All Named Defendants)

40.   Class Plaintiff repeats, realleges and incorporates by this reference each and all allegations contained in paragraphs 1 through 39 of this Complaint.

- 13 -

41.   In entering into the loan contracts described herein with the members a of the class, including Class Plaintiff, Defendants represented that they would fully comply with all state and Federal law as it relates to such loans.  In particular, Defendants represented the following material facts to Class Plaintiff and members of the Class: that Defendants (1) would disclose to their customers, as required under law, the required Truth in Lending Disclosures; (2) provide to their customers, as required under law, the required disclosure of the Annual Percentage Rate ("APR") to be charged for the loan; (3) provide to their customers, as required under law, a detailed Good Faith Estimate detailing all relevant fees to be charged to their customers; (4) provide to their customers, as required under law, a signed original of the Promissory Note relevant to their individual customers' loans; and, (5) would charge a reasonable and disclosed amount in interest charges in compliance with the law.  Additionally, Defendants promised that, should their customers, through no fault of their own, encounter financial difficulties, they would act in a fair and reasonable manner and would "work with" their customers to ensure that their customers did not lose their homes.

42.   Defendants made these representations of material facts negligently, in that they had no good faith belief in the truth of those representations, but with the intent to induce Class Plaintiff and members of the Class to enter into the loan contract.  At the time or times each of these Defendants made one or more of these representations to Class Plaintiff, and throughout the time Class Plaintiff acted in reliance thereon, the Class Plaintiff was ignorant of the falsity of the representations and the Class Plaintiff believed them to be true. Class Plaintiff and members of the Class, reasonably relying upon such representations, were induced to enter into the loan contracts described herein by reason of such representations.  At the time such representations were made Defendants knew or should have known that such representations were false.

- 14 -

43.     As a direct and proximate result of Defendants' negligent misrepresentations, Class Plaintiff and members of the Class have incurred financial injury in an amount to be determined at trial according to proof, and are entitled to that amount plus interest thereon at the legal rate from the dates on which each part of that sum became due, owing and unpaid.

## FIFTH CAUSE OF ACTION

## FOR FRAUD

### (Against All Named Defendants)

44.     Class Plaintiff repeats, realleges and incorporates by this reference each and all allegations contained in paragraphs 1 through 43 of this Complaint.

45.     In entering into the loan contracts described herein with the members a of the class, including Class Plaintiff, Defendants fraudulently made specific false representations of material fact designed to induce Class Plaintiff and class members to rely thereon to their detriment and enter into unlawful and unfair loan contracts. In particular, Defendants fraudulently represented the following material facts to Class Plaintiff and members of the Class: that Defendants (1) would disclose to their customers, as required under law, the required Truth in Lending Disclosures; (2) provide to their customers, as required under law, the required disclosure of the Annual Percentage Rate ("APR") to be charged for the loan; (3) provide to their customers, as required under law, a detailed Good Faith Estimate detailing all relevant fees to be charged to their customers; (4) provide to their customers, as required under law, a signed original of the Promissory Note relevant to their individual customers' loans; and, (5) would charge a reasonable and disclosed amount in interest charges in compliance with the law. Additionally, Defendants promised that, should their customers, through no fault of their own, encounter financial difficulties, they would act in a fair and reasonable manner and would "work with" their customers to ensure that their customers did not lose their homes.

- 15 -

46.   Defendants made these representations of material facts with the intent to defraud Class Plaintiff and the members of the Class with the intent to induce Class Plaintiff and members of the Class to enter into the loan contract. At the time or times each of these Defendants made one or more of these representations to Class Plaintiff, and throughout the time Class Plaintiff acted in reliance thereon, the Class Plaintiff was ignorant of the falsity of the representations and the Class Plaintiff believed them to be true. Class Plaintiff and members of the Class, reasonably relying upon such representations, were induced to enter into the loan contracts described herein by reason of such representations. At the time such representations were made Defendants knew such representations were false.

47.   As a direct and proximate result of Defendants' fraud, Class Plaintiff and members of the Class have incurred financial injury in an amount to be determined at trial according to proof, and are entitled to that amount plus interest thereon at the legal rate from the dates on which each part of that sum became due, owing and unpaid.

48.   The acts and omissions of each of these Defendants were carried out in a deliberate, calculating, willful, intentional, and malicious manner, with the specific intent to injure and oppress Class Plaintiff and members of the Class. By reason of this despicable and contemptible conduct, Class Plaintiff and members of the Class are entitled to exemplary and/or punitive damages.

## SIXTH CAUSE OF ACTION
## FOR UNLAWFUL AND UNFAIR BUSINESS PRACTICES IN
## VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 ET SEQ
### (Against All Named Defendants)

49.   Class Plaintiff repeats, realleges and incorporates by this reference each and all allegations contained in paragraphs 1 through 48 of this Complaint.

50.   Defendants engaged in the activities referenced above as part of a systematic, methodical and general practice of defrauding their customers into entering

1   into unlawful and unfair loan contracts without complying with all state and Federally

2   required disclosures; charging excessive interest and exorbitant fees; charging

3   excessive "reinstatement" fees and requiring customers to "double-up" their mortgage

4   payments, when Defendants had no intention of acting in good faith in reviewing their

5   customers loan modification requests.  Further, Defendants, even where Class Plaintiff

6   and members of the Class have complied with the unlawful and unfair request for

7   payment of excessive interest charges and "reinstatement" fees, including fees for

8   exorbitant attorneys fees and undisclosed "miscellaneous" costs and fees, have still

9   denied the loan modification request and moved forward to foreclose on the customers

10   property despite having no lawful secured contract with which to do so.

11        52.    If Defendants are not forced to comply with their common law and

12   statutory duties as set forth above, they will continue to defraud their customers,

13   subject them to unfair and unlawful charges and fees, and deprive those customers of

14   their property when they have no legal right to do so.

15        53.    Pursuant to Business and Professional Code §17203, this Court has the

16   power to order disgorgement of the profits illicitly gained by Defendants through the

17   delicts of Defendants as described herein and/or restitution as a form of relief ancillary

18   to the enjoining of the actions specified in this complaint.

19        54.    Pursuant to Business and Professional Code §17203, this Court is

20   authorized to enjoin violation of and enforce Defendants' duties as specified herein.  As

21   Class Plaintiffs' remedies at law are inadequate, a permanent injunction is necessary to

22   prevent Defendants from engaging in the complained of activities in this instance and

23   in the future, and most particularly to prevent Defendants from continuing to

24   unlawfully and unfairly foreclose on their customers property..

25                                    **PRAYER**

26        WHEREFORE, Class Plaintiff prays for judgment as follows:

27        1.    On the First, Second, Third, Fourth, and Fifth Causes of Action:

28

1      (a)    For compensatory damages in an amount to be ascertained at the

2            time of trial; and,

3      (b)    For interest on any compensatory damages.

4    2.    On the Fifth Cause of Action:

5      (a)    For punitive and exemplary damages for willful, wanton, malicious

6  and despicable conduct.

7      (B)    For attorney's fees as provided by statute.

8    3.    On the Sixth Cause of Action:

9      (a)    For injunctive relief;

10     (b)    For disgorgement of profits; and,

11     (c)    For attorney's fees.

12    4.    On All Causes of Action:

13     (a)    For costs of suit; and

14     (b)    For such other and further relief as this Court may deem just and

15  proper.

16    DATED: September 15, 2008

17           By _____

18           By Anthony G. Graham, Attorneys for

19           CLASS PLAINTIFF

20             MARIO BOLANOS

21          DEMAND FOR JURY TRIAL

22    Class Plaintiff hereby demands a trial by jury.

23    DATED: September 15, 2008

24           By _____

25           By Anthony G. Graham, Attorneys for

26           CLASS PLAINTIFF,

27           MARIO BOLANOS

28

## VERIFICATION

<u>Mario Bolanos v. Aurora Loan Services et al and DOES 1 through 10</u>.

Superior Court for the County of Orange, State of California.

I, the undersigned, certify and declare that I have read the foregoing Complaint in the above referenced matter and know its contents.  I am the Plaintiff and affirm that the contents of the foregoing Complaint are true.

Executed on September 16, 2008, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____

Mario Bolanos

EXHIBIT 2

1  GRAHAM & MARTIN, LLP
   Anthony G. Graham (State Bar No.148682)
2  Michael J. Martin (State Bar No.171757)
   950 South Coast Drive, Suite 220
3  Costa Mesa, California 92626
   (714) 850-9390
4
   Attorneys For Plaintiff
5  MARIO BOLANOS

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 19 2008

ALAN CARLSON, Clerk of the Court

BY: _____ DEPUTY

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      FOR THE COUNTY OF ORANGE

9                                          30-2008

10  MARIO BOLANOS                )  CASE NO.
                                 )            00112215
11       Plaintiff,             )
                                 )
12  vs.                         )  VERIFIED COMPLAINT FOR:
                                 )
13  AURORA LOAN SERVICES LLC;   )  1. BREACH OF CONTRACT;
    BROOKS AMERICA CORPORATION; )
14  HOMECOMINGS FINANCIAL LLC AND)  2. BREACH OF THE IMPLIED COVENANT
    DOES 1-10                    )     OF GOOD FAITH AND FAIR DEALING;
15                               )
         Defendants.            )  3. INTENTIONAL MISREPRESENTATION;
16                               )
                                 )  4. NEGLIGENT MISREPRESENTATION;
17                               )
                                 )  5. FRAUD;
18                               )
                                 )  6. VIOLATION OF BUSINESS &
19                               )     PROFESSIONS CODE 17200.
                                 )
20                               )  DEMAND FOR JURY TRIAL
                                    JUDGE SHEILA FELL
21     As and for its causes of action against defendants AURORA LOAN SERVICES LLC;
                                    DEPT. C22
22  BROOKS AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-

23  10, plaintiff MARIO BOLANOS alleges as follows:

24                          **GENERAL ALLEGATIONS**

25       1.     All allegations in this Complaint are based upon information and belief except

26  for those allegations which pertain to the Plaintiff named herein.   Plaintiffs information and

27  belief are based upon, *inter alia*, the investigation conducted to date by Plaintiff.  Each

28

                                      - 1 -

1   allegation in this Complaint either has evidentiary support or is likely to have evidentiary

2   support after a reasonable opportunity for further investigation and discovery.

3   ## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4       2.      This action is brought pursuant to California Code of Civil Procedure §382,

5   California Civil Code §1781 *et seq.*, and California Business and Professions Code §17200 et

6   seq. The Individual and Representative Plaintiff brings this action on his own behalf, and on

7   behalf of all person(s) who suffered damages as a result of the wrongdoing as alleged below.

8   Plaintiff further brings this action on his own behalf, on behalf of all persons within the class as

9   defined herein, and as private attorneys general on behalf of the general public, and in the

10   public interest.

11   ## THE PARTIES

12       2.      Plaintiff MARIO BOLANOS is and has been at all relevant times a

13   California resident.

14       3.      Defendants AURORA LOAN SERVICES LLC; BROOKS AMERICA

15   CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10 are and at all

16   times mentioned herein have been qualified to do business in the State of California.

17       4.      Plaintiff is ignorant of the true names and capacities of defendants sued

18   as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names.

19   The fictitious defendants named in this Complaint are sued pursuant to the provisions

20   of C.C.P. § 474. Plaintiff is informed and believes, and upon that ground, alleges that

21   each fictitious defendant is in some way responsible for, participated in, or contributed

22   to the matters and things of which Plaintiff complains herein, and in some fashion, has

23   legal responsibility therefor. When the exact nature and identity of such fictitious

24   defendants' responsibility for, participation in, and contribution to the matters and

25   things alleged herein are ascertained by Plaintiff, Plaintiff will seek to amend this

26   Complaint and all proceedings herein to set forth the same.

27       5.      At all times mentioned defendants were each a person within the meaning

28

- 2 -

1  of Business & Professions Code § 17201 and a person doing business within the

2  meaning of Health & Safety Code § 25249.11 (a).  Plaintiff is informed and believes

3  and thereon alleges that at all times mentioned herein, defendants have 10 or more

4  employees.

## SUMMARY OF ALLEGATIONS

### CLASS DEFINITION

7  6.    The Plaintiff Class consists of all persons, including Plaintiff, who were,

8  or are, customers of Defendants AURORA LOAN SERVICES LLC; BROOKS

9  AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC AND DOES 1-10,

10  companies which provided them with mortgage loans and service such loans and in so

11  doing have (1) provided loans without providing and disclosing to their customers, as

12  required under law, the required Truth in Lending Disclosures; (2) failed to provide to

13  their customers, as required under law, the required disclosure of the Annual

14  Percentage Rate ("APR") to be charged for the loan; (3) failed to provide to their

15  customers, as required under law, a detailed Good Faith Estimate detailing all relevant

16  fees to be charged to their customers; (4) failed to provide to their customers, as

17  required under law, a signed original of the Promissory Note relevant to their individual

18  customers' loans; (5) charged an excessive and undisclosed amount in interest charges

19  in violation of law; (6) illegally and unfairly insisted that, prior to making any

20  determination as to the customers right to a loan modification, that the customer must

21  first pay Defendants inflated "reinstatement" fees which include exorbitant attorneys

22  fees and costs as well as excessive undisclosed "miscellaneous" fees; (7) illegally and

23  unfairly insisted that their customers must first "double-up" his/her mortgage payments

24  until all arrears are paid in full (including the inflated "reinstatement" fees and

25  excessive interest charges) prior to making any determination as to the customers' right

26  to a loan modification; and, (8) have, even after payment of all such excessive fees and

27  charges, then denied the loan modification request and unlawfully and unfairly

28

- 3 -

1 | attempted to or in fact have foreclosed on its customers' property.

2 | **CLASS ALLEGATIONS**

3 | 7.     At all material times, Plaintiff is and was within the Class described in

4 | paragraph 6 of this Complaint.

5 | 8.     The claims of Plaintiff are typical of the claims of the Class which they

6 | seek to represent. Plaintiff will fairly and adequately protect the interests of the Class

7 | which they seek to represent. Plaintiff does not have any interest which is antagonistic

8 | to the Class which he seeks to represent. Counsel for Plaintiff will be designated

9 | before trial, whom are experienced, qualified and generally able to conduct complex

10 | class action litigation.

11 | 9.     This Court should permit this action to be maintained as a class action

12 | pursuant to California Code of Civil Procedure § 378 *et seq* because:

13 |    (a)     The questions of law and fact common to the Class predominate over any

14 |           question affecting only individual members;

15 |    (b)     A class action is superior to any other available method for the fair and

16 |           efficient adjudication of the claims of members of the Class;

17 |    ( c)     The Class is so numerous that it is impractical to bring all members of the

18 |           Class before the court;

19 |    (d)     Plaintiff, and other members of the Class, will not be able to obtain

20 |           effective and economic legal redress unless the action is maintained as a

21 |           Class action;

22 |    (e)     There is a community of interest in obtaining appropriate legal and other

23 |           equitable relief for the common law and statutory violations and other

24 |           improprieties, and in obtaining adequate compensation for the damages

25 |           and injuries which Defendants' actions have inflicted upon the Class;

26 |    (f)     There is a community of interest in ensuring that the combined assets and

27 |           available insurance of the Defendants are sufficient to adequately

28 |

1    compensate the members of the Class for the injuries sustained;

2    (g)   Without class certification, the prosecution of separate actions by

3          individual members of the Class would create a risk of:

4          (i)    Inconsistent or varying adjudications with respect to individual

5                 members of the Class which would establish incompatible

6                 standards of conduct for Defendants; and/or

7          (ii)   Adjudications with respect to the individual members which

8                 would, as a practical matter, be dispositive of the interests of other

9                 members not parties to the adjudications, or would substantially

10                impair or impede their ability to protect their interests, including

11                but not limited to the potential for exhausting the funds available

12                from those parties who are, or may be, responsible Defendants; and

13   (h)    Defendants have acted or refused to act on grounds generally applicable

14          to the Class, thereby making appropriate final injunctive relief with

15          respect to the Class as a whole.

16   **DEFENDANTS**

17   9.     The Class Plaintiff is informed and believed, and based upon that

18   information and belief allege, that Defendants AURORA LOAN SERVICES LLC;

19   BROOKS AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and

20   DOES 1-10 are, and at all times mentioned herein were:

21          (a)    A Corporation, acting in its separate interest;

22          (b)    Doing business as a lender and mortgage loan servicing company

23                 under the laws of the State of California.

24   10.    The true names and capacities, whether individual, corporate,

25   partnership, associate or otherwise of Defendant Does 1 through 100, inclusive, are

26   unknown to the Class Plaintiff who therefore sue these Defendants by such fictitious

27   names pursuant to California Code of Civil Procedure §474. The Plaintiff Class will

28

- 5 -

1  seek leave to amend this Complaint to allege the true names and capacities of Does 1

2  through 500, inclusive, when they are ascertained.

3      11.    The Plaintiff Class is informed and believes, and based upon that

4  information and belief alleges, that each of the Defendants named in this Complaint,

5  including Does 1 through 100, inclusive, is responsible in some manner for one or more

6  of the events and happenings that proximately caused the injuries and damages

7  hereinafter alleged. The Plaintiff Class is informed and believes, and based upon that

8  information and belief alleges, that each of the Defendants named in this Complaint,

9  including Does 1 through 100, inclusive, is, and at all times mentioned herein was, the

10  agent, servant and/or employee of each of the other Defendants and that each Defendant

11  was acting within the course and scope of his, her, or its authority as the agent, servant

12  and/or employee of each of the other Defendants. Consequently, all of the Defendants

13  are jointly and severally liable to Plaintiffs for the damages sustained as a proximate

14  result of their conduct.

15     12.    The Class Plaintiffs are informed and believe, and based upon that

16  information and belief allege, that Defendant Does 1 through 100, inclusive are

17  persons, corporations, or other entities that reside or are authorized to do and doing

18  business in the State of California. Each of Defendant Does 1 through 10 was the

19  managerial agent, employee, predecessor, successor, joint-venturer, co-conspirator,

20  alter ego and/or representative of Defendants AURORA LOAN SERVICES LLC;

21  BROOKS AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC AND

22  DOES 1-10 and acted with the permission, authorization and/or certification and

23  consent of Defendants AURORA LOAN SERVICES LLC; BROOKS AMERICA

24  CORPORATION; HOMECOMINGS FINANCIAL LLC AND DOES 1-10. Plaintiff is

25  informed and believes, and based upon that information and belief allege that each

26  fictitiously named Defendant was in some way responsible for, participated in, or

27  contributed to the matters of which Class Plaintiff complains, and has legal

28

1 │ responsibility for those matters.

2 │ <u>**ALTER EGO ALLEGATIONS**</u>

3 │ 13.   Class Plaintiff is informed and believes, and based upon that information

4 │ and belief, alleges that:

5 │    (a)   Defendants AURORA LOAN SERVICES LLC; BROOKS AMERICA

6 │ CORPORATION; HOMECOMINGS FINANCIAL LLC AND DOES 1-

7 │ 10are, and at all relevant times were, a mere shell without capital, assets,

8 │ stock or stockholders;

9 │    (b)   There is, and at all relevant times was, a unity of interest and/or

10 │ ownership between all of these Defendants so that any individuality or

11 │ separateness between them has ceased to exist; and,

12 │    (c)   Defendants AURORA LOAN SERVICES LLC, BROOKS AMERICA

13 │ CORPORATION and HOMECOMINGS FINANCIAL LLC are, and at all

14 │ relevant time were, completely controlled, dominated, managed and

15 │ operated by Defendant Does 1 through 10, inclusive, and each of them, so

16 │ that Defendants AURORA LOAN SERVICES LLC, BROOKS AMERICA

17 │ CORPORATION and HOMECOMINGS FINANCIAL LLC were each a

18 │ mere shell, instrumentality and/or conduit through which each of these

19 │ Defendants conducted some or all of their/its business. Adherence to the

20 │ fiction of the separate existence of Defendants AURORA LOAN

21 │ SERVICES LLC, BROOKS AMERICA CORPORATION and

22 │ HOMECOMINGS FINANCIAL LLC as an entity distinct from Defendant

23 │ Does 1 through 10, inclusive, or any of them, would permit an abuse of

24 │ the corporate privilege and sanction fraud or promote injustice in that,

25 │ among other things, it would enable each of these Defendants to avoid

26 │ liability and to defraud his, her or its creditors, the effect of which would

27 │ be to render each Defendant FINANCIAL LLCly unable to respond to a

28 │

1            monetary judgment awarded against each or any of them in this action.

2                             **BACKGROUND ALLEGATIONS**

3         14.     At some time prior to the beginning of the Class Period, which period has

4 not yet been ascertained, but from at least January 1, 2007 Defendants AURORA

5 LOAN SERVICES LLC; BROOKS AMERICA CORPORATION; HOMECOMINGS

6 FINANCIAL LLC and DOES 1-10 have operated as mortgage lenders, brokers and

7 mortgage loan servicers.

8         15.     Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

9 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

10 have provided loans without providing and disclosing to their customers, as required

11 under law, the required Truth in Lending Disclosures.

12         16.     Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

13 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

14 have failed to provide to their customers, as required under law, the required disclosure

15 of the Annual Percentage Rate ("APR") to be charged for the loan.

16         17.     Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

17 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

18 have failed to provide to their customers, as required under law, a detailed Good Faith

19 Estimate detailing all relevant fees to be charged to their customers.

20         18.     Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

21 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

22 have failed to provide to their customers, as required under law, a signed original of the

23 Promissory Note relevant to their individual customers' loans.

24         19.     Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

25 AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

26 have charged an excessive and undisclosed amount in interest charges in violation of

27 law.

28

20.     When its customers have, through no fault of their own, run into financial difficulties which have led to a default, and then have requested reinstatement of the loan and a loan modification, Defendant AURORA LOAN SERVICES LLC has illegally and unfairly insisted that, prior to making any determination as to the customers right to a loan modification, that the customer must first pay Defendant AURORA LOAN SERVICES LLC's inflated "reinstatement" fees which include exorbitant attorneys fees and costs as well as excessive undisclosed "miscellaneous" fees. Additionally, despite knowing that its customers re in desperate financial straits and thus operating under enormous financial stress, Defendant AURORA LOAN SERVICES LLC has illegally and unfairly insisted that the customer must first "double-up" his/her mortgage payments until all arrears are paid in full (including the inflated "reinstatement" fees) prior to making any determination as to the customers' right to a loan modification. Finally, Defendant AURORA LOAN SERVICES LLC has then, even where the unlawful and unfair "reinstatement" charges have been paid,  unlawfully and unfairly attempted to or in fact have forecloses on its customers' property when such customers have been denied a loan modification.

## FIRST CAUSE OF ACTION

## FOR BREACH OF CONTRACT

### (Against All Named Defendants)

21.     Class Plaintiff repeats, realleges and incorporates by this reference each and all of the allegations contained in paragraphs 1 through 20 of this Complaint.

22.     Defendants AURORA LOAN SERVICES LLC; BROOKS AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10 have operated as mortgage lenders, brokers and mortgage loan servicers and in such capacity have entered into mortgage loan contracts with their customers which require that Defendants (1) provide to their customers, as required under law, the required Truth in Lending Disclosures; (2) provide to their customers, as required under law, the required

- 9 -

1   disclosure of the Annual Percentage Rate ("APR") to be charged for the loan; (3)

2   provide to their customers, as required under law, a detailed Good Faith Estimate

3   detailing all relevant fees to be charged to their customers; (4) provide to their

4   customers, as required under law, a signed original of the Promissory Note relevant to

5   their individual customers' loans; (5) charge a reasonable and disclosed amount in

6   interest charges in compliance with the law.

7       23.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

8   AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

9   have provided loans without providing and disclosing to their customers, as required

10   under law, the required Truth in Lending Disclosures.

11       24.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

12   AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

13   have failed to provide to their customers, as required under law, the required disclosure

14   of the Annual Percentage Rate ("APR") to be charged for the loan.

15       25.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

16   AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

17   have failed to provide to their customers, as required under law, a detailed Good Faith

18   Estimate detailing all relevant fees to be charged to their customers.

19       26.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

20   AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

21   have failed to provide to their customers, as required under law, a signed original of the

22   Promissory Note relevant to their individual customers' loans.

23       27.    Each of the Defendants AURORA LOAN SERVICES LLC; BROOKS

24   AMERICA CORPORATION; HOMECOMINGS FINANCIAL LLC and DOES 1-10

25   have charged an excessive and undisclosed amount in interest charges in violation of

26   law.

27       28.    When its customers have, through no fault of their own, run into financial

28

1  difficulties which have led to a default, and then have requested reinstatement of the
2  loan and a loan modification, Defendant AURORA LOAN SERVICES LLC has
3  illegally and unfairly insisted that, prior to making any determination as to the
4  customers right to a loan modification, that the customer must first pay Defendant
5  AURORA LOAN SERVICES LLC's inflated "reinstatement" fees which include
6  exorbitant attorneys fees and costs as well as excessive undisclosed "miscellaneous"
7  fees.  Additionally, despite knowing that its customers are in desperate financial straits
8  and thus operating under enormous financial stress, Defendant AURORA LOAN
9  SERVICES LLC has illegally and unfairly insisted that the customer must first "double-
10 up" his/her mortgage payments until all arrears are paid in full (including the inflated
11 "reinstatement" fees and excessive interest charges) prior to making any determination
12 as to the customers' right to a loan modification. Finally, Defendant AURORA LOAN
13 SERVICES LLC has then, even where the unlawful and unfair "reinstatement" fees and
14 excessive interest charges have been paid, have denied the loan modification request
15 and then unlawfully and unfairly attempted to or in fact have foreclosed on its
16 customers' property.

17      29.    By such conduct Defendants substantially and materially breached their
18 loan contracts with each of the class members

19      30.    Class Plaintiff and the class members performed all obligations and
20 conditions as required to perform pursuant to their loan contracts with Defendants.

21      31.    As a direct and proximate result of Defendants' breach of the Contract,
22 members of the class have incurred financial injury in an amount to be determined at
23 trial according to proof, and are entitled to that amount plus interest thereon at the legal
24 rate from the dates on which each part of that sum became due, owing and unpaid.

## SECOND CAUSE OF ACTION

## FOR BREACH OF THE IMPLIED COVENANT OF

## GOOD FAITH AND FAIR DEALING

25
26
27
28

1                            **(Against All Named Defendants)**

2       32.    Class Plaintiff repeats, realleges and incorporates by this reference each

3 and all of the allegations contained in paragraph 1 through 31 of this Complaint.

4       33.    There is implied in every agreement a covenant of good faith and fair

5 dealing which by operation of law provides that no party to the agreement shall do

6 anything to deprive the other parties to the agreement of the benefits of the agreement.

7       34.    By reason of the foregoing, Defendants have breached the implied

8 covenant of good faith and fair dealing.

9       35.    As a direct and proximate result of Defendants' breach of the implied

10 covenant of good faith and fair dealing, Class Plaintiff and members of the Class have

11 incurred financial injury in an amount to be determined at trial according to proof, and

12 are entitled to that amount plus interest thereon at the legal rate from the dates on

13 which each part of that sum became due, owing and unpaid.

14                   **THIRD CAUSE OF ACTION**

15          **FOR INTENTIONAL MISREPRESENTATION**

16            **(Against All Named Defendants)**

17       36.    Class Plaintiff repeats, realleges and incorporates by this reference each

18 and all allegations contained in paragraphs 1 through 35 of this Complaint.

19       37.    In entering into the loan contracts described herein with the members a of

20 the class, including Class Plaintiff, Defendants represented that they would fully

21 comply with all state and Federal law as it relates to such loans. In particular,

22 Defendants intentional represented the following material facts to Class Plaintiff and

23 members of the Class: that Defendants (1) would disclose to their customers, as

24 required under law, the required Truth in Lending Disclosures; (2) provide to their

25 customers, as required under law, the required disclosure of the Annual Percentage

26 Rate ("APR") to be charged for the loan; (3) provide to their customers, as required

27 under law, a detailed Good Faith Estimate detailing all relevant fees to be charged to

28

1    their customers; (4) provide to their customers, as required under law, a signed original
2    of the Promissory Note relevant to their individual customers' loans; and, (5) would
3    charge a reasonable and disclosed amount in interest charges in compliance with the
4    law. Additionally, Defendants promised that, should their customers, through no fault
5    of their own, encounter financial difficulties, they would act in a fair and reasonable
6    manner and would "work with" their customers to ensure that their customers did not
7    lose their homes.

8        38.    Defendants made these intentional representations of material facts with
9    the intent to induce Class Plaintiff and members of the Class to enter into the loan
10   contract. At the time or times each of these Defendants made one or more of these
11   representations to Class Plaintiff, and throughout the time Class Plaintiff acted in
12   reliance thereon, the Class Plaintiff was ignorant of the falsity of the representations
13   and the Class Plaintiff believed them to be true. Class Plaintiff and members of the
14   Class, reasonably relying upon such representations, were induced to enter into the loan
15   contracts described herein by reason of such representations. At the time such
16   representations were made Defendants knew that such representations were false and
17   they had no intention of fulfilling those representations.

18       39.    As a direct and proximate result of Defendants' intentional
19   misrepresentations, Class Plaintiff and members of the Class have incurred financial
20   injury in an amount to be determined at trial according to proof, and are entitled to that
21   amount plus interest thereon at the legal rate from the dates on which each part of that
22   sum became due, owing and unpaid.

23                   **FOURTH CAUSE OF ACTION**
24              **FOR NEGLIGENT MISREPRESENTATION**
25                  **(Against All Named Defendants)**
26       40.    Class Plaintiff repeats, realleges and incorporates by this reference each
27   and all allegations contained in paragraphs 1 through 39 of this Complaint.
28

- 13 -

41.     In entering into the loan contracts described herein with the members a of the class, including Class Plaintiff, Defendants represented that they would fully comply with all state and Federal law as it relates to such loans. In particular, Defendants represented the following material facts to Class Plaintiff and members of the Class: that Defendants (1) would disclose to their customers, as required under law, the required Truth in Lending Disclosures; (2) provide to their customers, as required under law, the required disclosure of the Annual Percentage Rate ("APR") to be charged for the loan; (3) provide to their customers, as required under law, a detailed Good Faith Estimate detailing all relevant fees to be charged to their customers; (4) provide to their customers, as required under law, a signed original of the Promissory Note relevant to their individual customers' loans; and, (5) would charge a reasonable and disclosed amount in interest charges in compliance with the law. Additionally, Defendants promised that, should their customers, through no fault of their own, encounter financial difficulties, they would act in a fair and reasonable manner and would "work with" their customers to ensure that their customers did not lose their homes.

42.     Defendants made these representations of material facts negligently, in that they had no good faith belief in the truth of those representations, but with the intent to induce Class Plaintiff and members of the Class to enter into the loan contract. At the time or times each of these Defendants made one or more of these representations to Class Plaintiff, and throughout the time Class Plaintiff acted in reliance thereon, the Class Plaintiff was ignorant of the falsity of the representations and the Class Plaintiff believed them to be true. Class Plaintiff and members of the Class, reasonably relying upon such representations, were induced to enter into the loan contracts described herein by reason of such representations. At the time such representations were made Defendants knew or should have known that such representations were false.

43.   As a direct and proximate result of Defendants' negligent misrepresentations, Class Plaintiff and members of the Class have incurred financial injury in an amount to be determined at trial according to proof, and are entitled to that amount plus interest thereon at the legal rate from the dates on which each part of that sum became due, owing and unpaid.

## FIFTH CAUSE OF ACTION
## FOR FRAUD
### (Against All Named Defendants)

44.   Class Plaintiff repeats, realleges and incorporates by this reference each and all allegations contained in paragraphs 1 through 43 of this Complaint.

45.   In entering into the loan contracts described herein with the members a of the class, including Class Plaintiff, Defendants fraudulently made specific false representations of material fact designed to induce Class Plaintiff and class members to rely thereon to their detriment and enter into unlawful and unfair loan contracts.  In particular, Defendants fraudulently represented the following material facts to Class Plaintiff and members of the Class: that Defendants (1) would disclose to their customers, as required under law, the required Truth in Lending Disclosures; (2) provide to their customers, as required under law, the required disclosure of the Annual Percentage Rate ("APR") to be charged for the loan; (3) provide to their customers, as required under law, a detailed Good Faith Estimate detailing all relevant fees to be charged to their customers; (4) provide to their customers, as required under law, a signed original of the Promissory Note relevant to their individual customers' loans; and, (5) would charge a reasonable and disclosed amount in interest charges in compliance with the law.  Additionally, Defendants promised that, should their customers, through no fault of their own, encounter financial difficulties, they would act in a fair and reasonable manner and would "work with" their customers to ensure that their customers did not lose their homes.

- 15 -

46.   Defendants made these representations of material facts with the intent to defraud Class Plaintiff and the members of the Class with the intent to induce Class Plaintiff and members of the Class to enter into the loan contract. At the time or times each of these Defendants made one or more of these representations to Class Plaintiff, and throughout the time Class Plaintiff acted in reliance thereon, the Class Plaintiff was ignorant of the falsity of the representations and the Class Plaintiff believed them to be true. Class Plaintiff and members of the Class, reasonably relying upon such representations, were induced to enter into the loan contracts described herein by reason of such representations. At the time such representations were made Defendants knew such representations were false.

47.   As a direct and proximate result of Defendants' fraud, Class Plaintiff and members of the Class have incurred financial injury in an amount to be determined at trial according to proof, and are entitled to that amount plus interest thereon at the legal rate from the dates on which each part of that sum became due, owing and unpaid.

48.   The acts and omissions of each of these Defendants were carried out in a deliberate, calculating, willful, intentional, and malicious manner, with the specific intent to injure and oppress Class Plaintiff and members of the Class. By reason of this despicable and contemptible conduct, Class Plaintiff and members of the Class are entitled to exemplary and/or punitive damages.

## SIXTH CAUSE OF ACTION

### FOR UNLAWFUL AND UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 ET SEQ

**(Against All Named Defendants)**

49.   Class Plaintiff repeats, realleges and incorporates by this reference each and all allegations contained in paragraphs 1 through 48 of this Complaint.

50.   Defendants engaged in the activities referenced above as part of a systematic, methodical and general practice of defrauding their customers into entering

- 16 -

1  into unlawful and unfair loan contracts without complying with all state and Federally
2  required disclosures; charging excessive interest and exorbitant fees; charging
3  excessive "reinstatement" fees and requiring customers to "double-up" their mortgage
4  payments, when Defendants had no intention of acting in good faith in reviewing their
5  customers loan modification requests.  Further, Defendants, even where Class Plaintiff
6  and members of the Class have complied with the unlawful and unfair request for
7  payment of excessive interest charges and "reinstatement" fees, including fees for
8  exorbitant attorneys fees and undisclosed "miscellaneous" costs and fees, have still
9  denied the loan modification request and moved forward to foreclose on the customers
10 property despite having no lawful secured contract with which to do so.

11      52.    If Defendants are not forced to comply with their common law and
12 statutory duties as set forth above, they will continue to defraud their customers,
13 subject them to unfair and unlawful charges and fees, and deprive those customers of
14 their property when they have no legal right to do so.

15      53.    Pursuant to Business and Professional Code §17203, this Court has the
16 power to order disgorgement of the profits illicitly gained by Defendants through the
17 delicts of Defendants as described herein and/or restitution as a form of relief ancillary
18 to the enjoining of the actions specified in this complaint.

19      54.    Pursuant to Business and Professional Code §17203, this Court is
20 authorized to enjoin violation of and enforce Defendants' duties as specified herein.  As
21 Class Plaintiffs' remedies at law are inadequate, a permanent injunction is necessary to
22 prevent Defendants from engaging in the complained of activities in this instance and
23 in the future, and most particularly to prevent Defendants from continuing to
24 unlawfully and unfairly foreclose on their customers property..

**PRAYER**

26 WHEREFORE, Class Plaintiff prays for judgment as follows:

27      1.    On the First, Second, Third, Fourth, and Fifth Causes of Action:

- 17 -

(a)   For compensatory damages in an amount to be ascertained at the time of trial; and,

(b)   For interest on any compensatory damages.

2.   On the Fifth Cause of Action:

(a)   For punitive and exemplary damages for willful, wanton, malicious and despicable conduct.

(B)   For attorney's fees as provided by statute.

3.   On the Sixth Cause of Action:

(a)   For injunctive relief;

(b)   For disgorgement of profits; and,

(c)   For attorney's fees.

4.   On All Causes of Action:

(a)   For costs of suit; and

(b)   For such other and further relief as this Court may deem just and proper.

DATED: September 15, 2008

By _____

By Anthony G. Graham, Attorneys for

CLASS PLAINTIFF

MARIO BOLANOS

### DEMAND FOR JURY TRIAL

Class Plaintiff hereby demands a trial by jury.

DATED: September 15, 2008

By _____

By Anthony G. Graham, Attorneys for

CLASS PLAINTIFF,

MARIO BOLANOS

**VERIFICATION**

Mario Bolanos v. Aurora Loan Services et al and DOES 1 through 10.

Superior Court for the County of Orange, State of California.

I, the undersigned, certify and declare that I have read the foregoing Complaint in the above referenced matter and know its contents.  I am the Plaintiff and affirm that the contents of the foregoing Complaint are true.

Executed on September 16, 2008, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Mario Bolanos

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV08- 1163 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Mario Bolanos | Aurora Loan Services, LLC; Brooks America Corporation; and Homecomings Financial, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Anthony G. Graham; Michael J. Martin<br>GRAHAM & MARTIN, LLP<br>950 South Coast Drive – Suite 220<br>Costa Mesa, California 92626<br>714-850-9390 | John Hochhausler; Amber L. Harley<br>LOCKE LORD BISSELL & LIDDELL LLP<br>300 South Grand Avenue, 26th Floor<br>Los Angeles, California 90071<br>(213) 485-1500; (213) 485-1200 Fax |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Alleged violations of Truth in Lending Act and Real Estate Settlement Procedures Act. 15 U.S.C. §§ 1601, et seq.; 12 U.S.C. §§ 2607, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____.

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mario Bolanos (Orange) | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Brooks America Corporation (Orange) | Aurora Loan Services, LLC (Colorado) <br> Homecomings Financial, LLC (Delaware and Minnesota) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _(signature)_     Date  10/17/08

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)     CIVIL COVER SHEET     Page 2 of 2

American LegalNet, Inc. <br> www.FormsWorkflow.com